IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-756-SLR |
| | ) |
| KECIA WINCHESTER, TASC OFFICER) | |
| HEATHER, STATE OF DELAWARE | ) |
| SUPERIOR COURT, and JANE DOES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), for the reasons that follow:

1. **Background.** Plaintiff Joseph I. Bolden ("plaintiff"), an inmate at the Delaware Correctional Center, filed this civil rights action, with several supplements, pursuant to 42 U.S.C. § 1983. (D.I. 2, 5, 6, 10) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.

2

Phillips v. County of Allegheny, –F.3d–, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion.** Plaintiff, who apparently was on probation, alleges that the Treatment Access Center ("TASC") did not refer him for mental health treatment or an evaluation, and that his substance abuse treatment through TASC was unsuccessful. Plaintiff alleges that he successfully completed substance abuse treatment at the Meadow Wood Behavior Center and that probation and TASC were aware he had been treated. Plaintiff alleges that he had an "unexpected" court date on August 24, 2007, with no notice. He alleges the public defender told the court that "probation and parole" said plaintiff "was dirty." Plaintiff alleges that defendant Kecai Winchester ("Winchester") told the court that he had missed appointments, when had only been late once. Also, the court was not advised that he had received drug treatment at Meadow Wood

3

Behavioral Center.  Plaintiff alleges an improper sentencing procedure was used in court (apparently to revoke his probation).  He alleges that he had been clean for three weeks, that Winchester did not give him a drug test when he was incarcerated, and he does not understand how he could be charged with "being dirty" when he completed a drug treatment program.  He seeks reimbursement for the time he has missed from work.

      6.  To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  A § 1983 plaintiff who seeks to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998).  Heck is equally applicable to a probation revocation.  See Crow v. Penry, 102 F.3d 1086 (10th Cir. 1996) (applying Heck to probation revocation proceeding); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (Heck applies to any suit "premised. . . on the invalidity of confinement pursuant to some legal process, whether. . . parole revocation, . . . or other").  Here, plaintiff argues that he did not receive a fair probation revocation.  He has not alleged or proven, however, that his conviction, sentence, or probation violation finding was reversed or invalidated as provided by Heck.  Hence, the claim must be dismissed.  To the extent plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable

4

legal conclusion" and, therefore, must be dismissed as frivolous. Neitzke, 490 U.S. at 326.

7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE